**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

LESTER ORTIZ CARDONA,

     Petitioner,

v.                                          Case No. 2:26-cv-2140-MSN-cgc

CHRISTOPHER BULLOCK, Director,
New Orleans Field Office of ICE,
in his official capacity,

     Respondent.

---

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE
RENEWED/AMENDED WRIT OF HABEAS CORPUS BASED ON NEW
CIRCUMSTANCES,
DENYING PETITIONER'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT
JUDGMENT,
DIRECTING THE CLERK TO MODIFY THE DOCKET,
ORDERING PETITIONER TO ELECTRONICALLY SERVE AMENDED PETITION,
AND ORDERING RESPONDENT TO SHOW CAUSE**

---

On February 11, 2026, Petitioner, along with two other petitioners, jointly filed a Petition for Writ of Habeas Corpus (ECF No. 1). The Petitioners later filed a Motion to Sever (ECF No. 10), which the Court granted on March 26, 2026 (ECF No. 11). Before the Court are Petitioner's Moton for Entry of Default and Default Judgment (ECF No. 14) and Petitioner's Motion for Leave to File Renewed/Amended Writ of Habeas Corpus Based on New Circumstance (ECF No. 19, "Motion to Amend").

In his Motion to Amend, Petitioner seeks leave to file a Renewed Petition for Writ of Habeas Corpus pursuant to Federal Rule of Civil Procedure 15(a)(2). Petitioner has attached his proposed renewed petition to the Motion to Amend. He asserts that leave to file the proposed

renewed petition should be granted "because of the change in circumstances surrounding the detention of Petitioner and new legal arguments that must be raised after he hired a new attorney." (ECF No. 19 at PageID 56.)

Federal Rule of Civil Procedure 15(a) governs amending pleadings before trial. A party may amend a pleading once as a matter of course within (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend a pleading only by obtaining the opposing party's written consent or receiving leave of court. Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," *id.*, a motion to amend may be denied when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Requesting leave to amend under Federal Rule of Civil Procedure 15(a) is governed by Rule 7(b), which requires that a motion shall state with particularity the grounds therefor." *Evans v. Pearson Enters.*, 434 F.3d 839, 853 (6th Cir. 2006) (citations omitted).

Although Petitioner failed to comply with Local Rule 7.2(a)(1)(B) because his Motion to Amend did not include a Certificate of Consultation,[1] the Court will exercise its discretion to excuse the failure and **GRANTS** the Motion to Amend. **Petitioner shall separately file his**

---

[1] And failure to attach the requisite Certification of Consultation "may be deemed good grounds for denying the motion." Local Rule 7.2(a)(1)(B).

**amended/renewed petition**, which was attached as an exhibit to his Motion to Amend, **within seven (7) days of the entry of this Order**.

Because the Court is granting Petitioner leave to file an amended/renewed petition, his Moton for Entry of Default and Default Judgment is **DENIED AS MOOT**.[2]  *See Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021).

The proper respondent to the § 2241 Petition is the United States Immigration and Customs Enforcement ("ICE") District Director for the district in which the alien is being detained.  See Roman v. Ashcroft, 340 F.3d 314, 320–22 (6th Cir. 2003).  The proper respondent in this case is Christopher Bullock, the New Orleans Field Office Director for ICE Enforcement and Removal Operations.  The Clerk is **DIRECTED** to add Christopher Bullock as Respondent and to terminate Scott Ladwig,

Petitioner is **ORDERED** to electronically serve a copy of his filed amended/renewed petition on (1) the United States Attorney for the Western District of Tennessee at michael.dunavant@usdoj.gov, and (2) the Civil Chief of the United States' Attorney's Office at stuart.canale@usdoj.gov.  Respondent is **ORDERED** to show cause in writing within **fourteen (14) days** of such electronic service why the amended/renewed petition should not be granted.  *See* 28 U.S.C. § 2243.  The electronic service on the United States Attorney for the Western District of Tennessee is not a substitute for the requirements of formal service but is instead intended only to provide the Government notice and an opportunity to be heard at this initial juncture.

---

[2] In addition, the motion is without merit because the Court had not yet ordered the Government to respond.

Petitioner may file a reply to Respondent's answer or response within **seven (7) days** of service. If Petitioner asserts that there are issues of fact that need to be resolved at a hearing, Petitioner shall include those issues in the reply.

If the Court finds that a hearing is necessary, a date will be set by separate order. *See* 28 U.S.C. § 2243.

**IT IS SO ORDERED**, this 11th day of May, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

4