**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

LESTER ORTIZ CARDONA,

     Petitioner,

v.                                    Case No. 2:26-cv-2140-MSN-cgc

CHRISTOPHER BULLOCK,

     Respondent.

---

**ORDER GRANTING IN PART**
**RENEWED PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner has filed a Renewed Petition for Writ of Habeas Corpus (ECF No. 21, "Petition"), challenging his continued detention.  The Petition requests immediate release.  (ECF No. 21 at PageID 70–71.)  On May 27, 2026, Respondent filed his response to the Court's Order to Show Cause as to why the Petition should not be granted (ECF No. 22, "Response").  The Response states that Respondent has determined that this matter is controlled by the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, -- F.4th --, 2026 WL 1283891 (6th Cir. May 11, 2026).  According to the Response, Respondent is evaluating whether to seek further appellate review of *Lopez-Campos*, but he acknowledges that *Lopez-Campos* is binding on this Court.  Respondent says that, subject to his reservation of all rights to appeal *Lopez-Campos*, the Court should order that Petitioner be provided a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody.  Petitioner had seven (7) days from service of the Response to file a reply but, to date, no reply has been filed.

*Lopez-Campos* found that some aliens, like Petitioner, who are present in the interior of the United States without being admitted or paroled, are properly detained under 8 U.S.C. § 1226(a), which provides for a bond hearing pending removal proceedings.  So although Petitioner requests immediate release, that is not the relief to which he is entitled under § 1226.

Accordingly, based on the Sixth Circuit's decision in *Lopez-Campos* and Respondent's agreement that it controls here, the Renewed Petition for Writ of Habeas Corpus (ECF No. 21) is **GRANTED IN PART**, and Respondent is **ORDERED** to give Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a) within **ten (10) days of the date of this Order.**  The bond hearing should be conducted in accordance with the normal procedures that were applicable prior to the decision of the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025).  If a bond hearing is not held within 10 days of the date of this Order and Petitioner has not consented to an extension, then Petitioner shall be released from custody at that time.  A judgment will be entered accordingly.

**IT IS SO ORDERED**, this 8th day of June, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

2